## Cox v. Lee.

EXEMPTION: *Supersedeas on claim of exemption: Creditor's remedy.*
  When an execution creditor is aggrieved by the order of a justice of the peace, granting
    a *supersedeas* to prevent the sale of property claimed as exempt, his remedy is by
    appeal to the circuit court. (*Mansf. Dig., sec.* 3006.) The justice has no power to
    recall the *supersedeas.*

APPEAL from *Logan* circuit court.
JOHN S. LITTLE, Judge.

### STATEMENT.

Cox sued Lee in a justice's court and recovered judgment for a debt amounting to $120. On this judgment an execution issued and was levied on certain personal property, which was advertised to be sold. Pursuant to a notice served on Cox, Lee filed with the justice his schedule, claiming the property as exempt, and obtained a supersedeas of the execution. Two days later, and before the day of sale, upon Cox's application the justice

Cox v. Lee.

revoked his order for the supersedeas and recalled it. The officer having the execution then proceeded to sell the property and Cox bought it. Lee recovered it from him in an action of replevin brought before another justice. Cox appealed to the circuit court, and from a judgment rendered there against him has appealed to this court.

*Davis & Bullock* and *Hall & Lewers*, for appellants.

The schedule filed by appellee was not a proper one, 40 *Ark.*, 352, and the supersedeas improperly issued. It was the duty of the justice to recall it; and one justice of the peace has no jurisdiction to set aside, re-instate, ignore, supervise, or amend, the proceedings of another.

Part of the judgment was for purchase money of prop-erty scheduled, and this property could not be scheduled. *Mansf. Dig.*, sec. 4398. The schedule was not supported by the affidavit required by law. *Act March* 9, 1877; 41 *Ark.*, 249; 47 *Id.*, 400; 40 *Id.*, 352.

The supersedeas being improperly issued, was properly recalled by the justice.

*Clendenning & Read,* for appellee.

The supersedeas having once issued, the justice lost all control over it, and could not recall it. An appeal was the only remedy. The justice certainly could not recall it without notice to Lee. *Mansf. Dig.*, sec. 5201.

It does not appear in the record that any part of the demand sued on, was for purchase money of part of the property scheduled. But if it was, it was appellants' duty to have asserted their right when the schedule was filed. 46 *Ark.*, 493.

State v. Hill.

## OPINION.

COCKRILL, C. J.   When a plaintiff in execution feels aggrieved at the action of a justice of the peace in ordering the issuance of a supersedeas to prevent the sale of his judgment debtor's property, as exempt from sale under execution, his remedy is by appeal to the circuit court. *Mansf. Dig.*, sec. 3006; *Winter v. Simpson*, 42 *Ark.*, 411; *Cason v. Bone*, 43 *Id.*, 17; *Garrett v. Wade*, 46 *Id.*, 493.

The justice has no power to revoke the order and recall the supersedeas. *Dunnagan v. Shaffer*, 48 *Ark.*, 476. If he undertakes to do so, and the officer sells the property under the execution to the plaintiff, the defendant may recover it in replevin.

Affirm.